**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**OLIVIA DEAN, ADMINISTRATRIX OF
THE ESTATE OF JAMES D. DEAN,**

    **Plaintiff,**

v.                                                                             Civil Action No. __3:21-cv-00197__

**CITY OF KENOVA,
(Kenova Police Department[1]),
OFFICER CHARLES NEWMAN,
and JOHN/JANE DOES,**

    **Defendants.**

## **COMPLAINT**

Comes now, Olivia Dean, Administratrix of the Estate of James D. Dean, by counsel, Stroebel & Stroebel, P.L.L.C. and for her complaint, states as follows:

1. The Decedent, James Dean was arrested on or about April 5, 2019 by the Kenova Police Department, acting on behalf of defendant City of Kenova, as a result of a disturbance at his residence. Mrs. Olivia Dean has been appointed as Administratrix of James Deans' Estate. See Order attached as Exhibit A. Decedent was a resident of West Virginia at the time of his arrest. After his arrest and while in handcuffs, Mr. Dean was knocked to the ground and struck on his head multiple times in multiple locations, thereby causing serious injuries and ultimately his death. The Estate's claims are made pursuant to 42 USC § 1983 for the excessive force used against Mr. Dean as well as state statutory law. When, and if applicable, plaintiff seeks damages up to the amount of insurance coverage provided to the defendants.

2. Defendant City of Kenova employed the individual officer or officers that used excessive force against the decedent causing serious injuries and his death. Defendant City of

Kenova is a political subdivision as defined under West Virginia law. As such defendant City of Kenova is liable to plaintiff pursuant to the causes of action set forth in Counts IV and V of this complaint. Plaintiff further names John/Jane Does that may have been involved in the incident described herein but are not currently known or apparent from the records currently in the possession of the Estate.

3. Defendant Officer Charles Newman was and is employed by the City of Kenova and was acting under the color of state law at the time he used excessive and inappropriate force against the decedent, thereby causing his death. Defendant Newman is being sued in his individual capacity and upon information and belief is a resident of West Virginia. Defendant Newman's report of the incident is inconsistent with the Medical Examiner's findings. Specifically, the medical examiner's report indicates Mr. Dean suffered multiple blunt force injuries to his head, including an 8-inch skull fracture, multiple subdural and subarachnoid hemorrhages, diffuse hemorrhage on the right and left hemispheres, cerebellum and base of the brain, as well as multiple areas of contusions on the frontal, temporal, parietal and occipital lobes. These injuries are entirely inconsistent with the report of Defendant Newman as well as the City of Kenova police report that states Mr. Dean struck his head 1 time as the result of a fall. The hospital records and their findings are also inconsistent with Newman's report of how Mr. Dean suffered his injuries. Plaintiff alleges that Defendant Newman struck Mr. Dean multiple times in multiple places about his head and body, thereby causing his injuries and subsequent death.

4. Defendant Newman was acting under the color of state law at all relevant times described herein. Officer Newman, while in the process of transporting Mr. Dean to the police headquarters, knocked Mr. Dean to the ground without just cause and struck Mr. Dean multiple times about the head causing a skull fracture and other brain injuries that resulted in plaintiff's

---

[1] The Kenova Police Department is listed in the style for clarification purposes.

death. Mr. Dean was handcuffed at the time he was knocked to the ground and beaten by the defendant.

5. Defendant Newman used excessive and unreasonable physical force against Mr. Dean that resulted in serious brain injuries. These actions caused serious bodily injury and required that Mr. Dean to be taken to the hospital for evaluation and treatment. Mr. Dean subsequently died after 17 days in the hospital. The medical examiner performed an autopsy that concluded Mr. Dean's death was a homicide.

### COUNT I - VIOLATIONS OF FOURTH AMENDMENT TO UNITED STATES CONSTITUTION

6. Plaintiff re-alleges and incorporates paragraphs 1 through 5 above as if fully set forth herein.

7. Defendant Newman as set forth hereinabove, used force, which was unwarranted, unnecessary and unjustified. Defendant's actions were done to decedent with the intent to inflict unnecessary harm and humiliation and was unnecessary. Moreover, the malicious intent of Defendant is established by the medical examiner's report that determined Mr. Dean's death was a result of homicide and that Mr. Dean suffered multiple blunt force injuries to his head as well as other physical injuries that are inconsistent with Newman's report and clearly excessive for an individual already restrained in handcuffs.

8. The force described above as used against Plaintiff by Defendant was in violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable search and seizures and unreasonable intrusions on his bodily integrity. This conduct is actionable pursuant to 42 USC § 1983.

9. The excessive force used by Defendant Newman was egregious, outrageous, and an abuse of power and a violation of Mr. Dean's rights under the Fourth Amendment to be free from such excessive force. Further, Defendant's acts, as set forth hereinabove, were done while

acting under the color of state law.  Moreover, Defendant Newman would have known that his conduct violated plaintiff's constitutional rights as a result of defendant's training and well-established legal precedent.

10. As a result of the aforementioned, Plaintiff suffered physical injury, emotional distress, medical bills, pain and suffering and death.  Decedent's Estate is therefore entitled to compensatory damages, punitive damages, as well as attorney fees and costs 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

## COUNT II – RECKLESS/MALICIOUS CONDUCT

11. Plaintiff re-alleges and incorporates paragraphs 1 through 10 above as if fully set forth herein.

12. Defendant Newman acted maliciously and/or recklessly when he repeatedly struck Mr. Dean in the head, while knocking him to the ground while he was handcuffed. Defendant Newman and possibly others also struck Mr. Dean on or about other areas of his head. Medical reports indicate that Mr. Dean suffered multiple blunt force traumas to his head, thereby causing brain damage.

13. The findings of the homicide by medical examiner demonstrate the malicious nature of the excessive force and are inconsistent with the false report prepared by Newman.

14. The conduct of defendant was a clear violation of his duties and is actionable pursuant to W.Va. Code § 29-12A-5(b)(2).

15. As a result of the aforementioned, Mr. Dean suffered physical injury, pain and suffering, emotional distress, medical bills and death.  Decedent's Estate is therefore entitled to compensatory damages, punitive damages, as well as attorney fees and costs 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

## COUNT III - VIOLATIONS OF FOURTH AMENDMENT TO UNITED STATES CONSTITUTION – 42 USC § 1983

16. Plaintiff re-alleges and incorporates paragraphs 1 through 15 above as if fully set forth herein.

17. The individual defendant Does struck and knocked plaintiff to the ground after he was handcuffed and participated in Mr. Dean's beating or failed to intervene on his behalf. This conduct was unwarranted, unnecessary and unjustified. Defendants' actions were done to Plaintiff with the intent to inflict unnecessary harm, pain and humiliation on plaintiff.

18. The force described above as used against Mr. Dean by Defendant Does was in violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable search and seizures and unreasonable intrusions on his bodily integrity. This conduct is actionable pursuant to 42 USC § 1983.

19. The beating of Mr. Dean by Defendants was egregious, outrageous, and an abuse of power in violation of Plaintiff's rights under the Fourth Amendment to be free from such excessive force. Further, Defendants' acts, as set forth hereinabove, were done while they were acting under the color of state law. Moreover, defendants would have known that their conduct violated plaintiff's constitutional rights as a result of their training and legal precedent. Finally, defendants' conduct was carried out with malicious intent as demonstrated in the determination of homicide by the medical examiner. The medical report establishes that Mr. Dean suffered multiple blunt force traumas to his head as well as other physical injuries.

20. As a result of the aforementioned, Mr. Dean has suffered physical injury, mental anguish, emotional distress, medical bills and ultimately death as a result of the violation of his constitutional rights and is therefore entitled to compensatory damages, punitive damages, as well as attorney fees and costs 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

## COUNT IV – VIOLATION OF 42 USC § 1983-DELIBERATE INDIFFERENCE

21. Plaintiff re-alleges and incorporates paragraphs 1 through 20 above as if fully set forth herein.

22. Defendant City of Kenova is liable pursuant to 42 USC § 1983 for the excessive force used against plaintiff by its employees as well as its own deliberate indifference to constitutional violations. Specifically, Defendant City of Kenova has a custom, history and policy that allows its officers to use excessive force without consequence. The medical examiner determined that Mr. Dean's death was a homicide. Despite this finding, Defendant City of Kenova has taken no action to address the conduct of Newman or their other employees. Upon information and belief, there are other individuals that have been beaten by the City's employees in the same or similar location. Their deliberate indifference to the beating of plaintiff is evident through their failure to address, train or discipline the officers involved in Mr. Dean's homicide as well as past events of a similar nature. An impartial review of the evidence would require the City to take action to discipline or discharge the officers involved. The Medical Examiner's report would also place the City on notice that its employees filed reports that are inconsistent with the injuries suffered by Mr. Dean. Defendant City of Kenova failed to act on the false information set forth in the arrest report and upon information and belief, the City has taken no steps to discipline the officer named herein. The failure of the City to take action, now and in the past, perpetuates the ongoing use of excessive force by City employees. This policy results in the citizens of Kenova, and in this instance Mr. Dean, having his constitutional rights violated during the arrest.

23. The acquiescence to and acceptance of such wrongful conduct is a proximate cause of past and ongoing uses of excessive force against Mr. Dean and other citizens.

24. As a result of the aforementioned, Mr. Dean suffered physical injury and death. Decedent's Estate is therefore entitled to compensatory damages, punitive damages, as well as

attorney fees and costs 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

## COUNT V

25. Plaintiff does not reassert and reallege the paragraphs previously set forth herein.

26. James Dean was arrested on or about April 5, 2019 by the Kenova Police Department acting on behalf of the Defendant City of Kenova, as a result of a disturbance at his residence. Mr. Dean was a resident of West Virginia at the time of his arrest. Plaintiff's claims are made pursuant to W.Va. Code § 29-12A-1 *et seq*. When, and if applicable, plaintiff seeks damages up to the amount of insurance coverage provided to the defendants. This claim is brought by the Administratrix of Mr. Dean's Estate and is made in the alternative to the previous counts herein.

27. Defendant City of Kenova employed the individual officers that was/were negligent when Mr. Dean was knocked to the ground causing serious injuries and his death. Defendant City of Kenova is a political subdivision as defined under West Virginia law. As such defendant City of Kenova is liable to plaintiff pursuant to W.Va. Code §29-12A-1 et seq. for the negligent conduct of its employee(s).

28. Defendant Officer Charles Newman was and is employed by the City of Kenova and was acting under the color of state law at the time he negligently knocked decedent to the ground, thereby causing head injuries and ultimately his death.

29. Defendant Newman and possibly others were negligent when plaintiff was knocked to the ground, causing him to strike his head and thereby causing decedent's death.

30. As a result of Defendant Newman's (and possibly other employees') negligence, the City of Kenova is liable for Newman's negligent conduct pursuant to West Virginia Code §29-12A-1 et seq.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be

entered in favor of the Plaintiff and against the Defendants and requests that the Court award damages including, but not limited to, physical injury, medical bills, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses. Plaintiff does not seek punitive damages from the City of Kenova.

PLAINTIFF DEMANDS A TRIAL BY JURY.

JAMES DEAN,
By Counsel,


/s/Paul M. Stroebel
Paul M. Stroebel, Esquire (WV BAR 5758)
Stroebel & Stroebel, P.L.L.C.
Post Office Box 2582
Charleston, West Virginia  25329-2582

/s/William M. Tiano
William M. Tiano, Esquire
Tiano O'Dell
Post Office Box 11830
Charleston, West Virginia  25339