IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OLIVIA DEAN, Administratrix of
the Estate of JAMES D. DEAN,

          Plaintiff,

v.                          CIVIL ACTION NO.   3:21-0197

CITY OF KENOVA,
(Kenova Police Department),
OFFICER CHARLES NEWMAN,
BOB SULLIVAN, and
JOHN/JANE DOES,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint. ECF No. 37. Plaintiff seeks to clarify that her claim for spoliation is asserted pursuant to state statutory and common law. For the following reasons, the Court **DENIES** this Motion. ECF No. 37.

**BACKGROUND**

This case arises out of the death of Mr. James Dean. Plaintiff is the Administratrix of his estate. Mr. Dean was arrested on or about April 5, 2019, by the Kenova Police Department because of a disturbance at his residence. Plaintiff alleges that, after his arrest, Mr. Dean was knocked to the ground and struck multiple times on the head. According to the Medical Examiner's report, he

suffered a number of injuries, including: an 8-inch skull fracture, multiple subdural and subarachnoid hemorrhages, diffuse hemorrhages on the right and left hemispheres, cerebellum and base of the brain, as well as multiple areas of contusions on the frontal, temporal, parietal, and occipital lobes. This, Plaintiff argues, is inconsistent with the police officers' reports of the incident.

Plaintiff brings several claims against Defendants, including: violations of the Fourth Amendment against Defendant Newman, Reckless/Malicious Conduct against Defendant Newman, violations of the Fourth Amendment against Defendants Does, violation of 42 U.S.C. § 1983 for Deliberate Indifference against Defendant City of Kenova, Spoliation/Fraud against Defendant Sullivan, and Negligence against Defendants City of Kenova for the actions of Defendant Newman and Defendant Sullivan. *Am. Compl.*, ECF No. 12.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and directs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, a court should grant leave to amend a pleading unless it would result in prejudice to the opposing party, the motion was brought in bad faith, or permitting amendment would be futile. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (citation omitted); *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (citation omitted).

## DISCUSSION

Plaintiff filed her Motion for Leave to File Second Amended Complaint on January 5, 2022, after all Defendants had filed motions to dismiss. Plaintiff does not seek to add any new facts to the Amended Complaint but clarifies that her claim for spoliation is asserted pursuant to state law and adds Defendant Sullivan to her claim for reckless/malicious conduct.

Allowing Plaintiff to amend her Amended Complaint to clarify her claim for spoliation would be futile, as the Court recognizes that spoliation is a cognizable tort under West Virginia law. *See Hannah v. Heeter*, 584 S.E.2d 560 (W. Va. 2003); *Williams v. Werner Enters., Inc.*, 770 S.E.2d 532, 538 (W. Va. 2015).

Further, while Plaintiff adds Defendant Sullivan to her claim with respect to malicious/reckless conduct, Plaintiff provides no factual basis for this assertion. Thus, this amendment is futile.

## CONCLUSION

Plaintiff seeks to amend her Amended Complaint to clarify her claims, however, the Court finds that the amendments Plaintiff intends to make are futile. For the foregoing reasons, the Court **DENIES** Plaintiff's Motion. ECF No. 37.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

-4-

ENTER: April 19, 2022

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE