IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OLIVIA DEAN, Administratrix of
the Estate of JAMES D. DEAN,

                Plaintiff,

v.                                    CIVIL ACTION NO.   3:21-0197

CITY OF KENOVA,
(Kenova Police Department),
OFFICER CHARLES NEWMAN,
BOB SULLIVAN, and
JOHN/JANE DOES,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Defendants City of Kenova, Officer Charles Newman, and John/Jane Does' (Defendants) filed a Motion to Dismiss Plaintiff's Amended Complaint on September 9, 2021. ECF No. 13. Defendants assert that Plaintiff fails to state a claim upon which relief may be granted and that Plaintiff failed to join an indispensable party. While Plaintiff brought suit against Defendants in this Court, Plaintiff also filed suit against Cabell Huntington Hospital (CHH) and the Marshall University Board of Governors (Marshall Board) in the Circuit Court of Cabell County. Plaintiff's suit against CHH and the Board has since settled.

Defendants filed a Notice of Non-Party Fault on December 1, 2021, notifying this Court of Plaintiff's settlement in the Circuit Court. ECF No. 18. Plaintiff filed a response to this filing on December 9, 2021 (ECF No. 27), to which Defendants moved to Strike, or alternatively, to which they replied to. ECF No. 31.

**BACKGROUND**

This case arises out of the death of Mr. James Dean. Plaintiff is the Administratrix of his estate. Mr. Dean was arrested on or about April 5, 2019, by the Kenova Police Department because of a disturbance at his residence. Plaintiff alleges that, after his arrest, Mr. Dean was knocked to the ground and struck multiple times on the head. According to the Medical Examiner's report, he suffered a number of injuries, including: an 8-inch skull fracture, multiple subdural and subarachnoid hemorrhages, diffuse hemorrhages on the right and left hemispheres, cerebellum and base of the brain, as well as multiple areas of contusions on the frontal, temporal, parietal, and occipital lobes. This, Plaintiff argues, is inconsistent with the police officers' reports of the incident.

Plaintiff brings several claims against Defendants, including: violations of the Fourth Amendment against Defendant Newman, Reckless/Malicious Conduct against Defendant Newman, violations of the Fourth Amendment against Defendants Does, violation of 42 U.S.C. § 1983 for Deliberate Indifference against Defendant City of Kenova, Spoliation/Fraud against Defendant Sullivan, and Negligence against Defendants City of Kenova for the actions of Defendants Newman and Defendant Sullivan. *Am. Compl.*, ECF No. 12. Plaintiffs assert that, due to the conduct of these Defendants, Mr. Dean suffered physical injury and death. *Id.*

Plaintiff brought an action against CHH and the Marshall Board in the Circuit Court of Cabell County, West Virginia. *See* ECF No. 16-1. Mr. Dean was taken to the CHH emergency room after his altercation with police. ECF No. 16-1, ¶ 7. Plaintiff asserts that, due to CHH's

deviations from the accepted standard of care, Mr. Dean died. *Id.* ¶ 12. Plaintiff has since settled her case with CHH and the Marshall Board. *See* ECF No. 22. The total amount of the settlement is $575,000. *Id.*

## STANDARD OF REVIEW

1. 12(B)(6)

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id.* (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting

*Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

2. <u>12(b)(7)</u>

Federal Rule of Civil Procedure 12(b)(7) provides for dismissal where a party has not been joined as required by Rule 19. Fed. R. Civ. P. 12(b)(7). Under Rule 19, a court must ask first whether a "nonjoined party is necessary under Rule 19(a) and then whether the party is indispensable under Rule 19(b)." *Gunvor SA v. Kayablian*, 948 F.3d 214, 218 (4th Cir. 2020) (citing *Nat'l Union Fire Ins. Co. v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 249 (4th Cir. 2000)). In the event that a nonjonied party is both necessary and indispensable, but joining that party would destroy diversity jurisdiction, the court must dismiss the action. *Id.* at 219 (citing *Owens-Illinois,*

*Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999)). While dismissal is a "drastic remedy that should be employed only sparingly," a court must dismiss the case when a nonjoined party is necessary and indispensable. *Id.* (quoting *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 433 (4th Cir. 2014)). Determining whether a nonparty is necessary and indispensable must be done within the context of each case—not procedurally. *Hanna*, 750 F.3d at 434.

## DISCUSSION

1. <u>Nonjoinder of a necessary and indispensable party</u>

Defendants assert that CHH and the Marshall Board are both necessary and indispensable parties to this litigation and thus, Plaintiffs Amended Complaint must be dismissed for failure to join these parties.

However, the Court cannot find that CHH and the Marshall Board are necessary parties under Rule 19(a). A necessary party is one which,

> "in that person's absence, the court cannot accord complete relief among existing parties… or… that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may… impair or impede the person's ability to protect the interest… or… leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Fed. R. Civ. P. 19(a)(1).

Defendants assert that the medical intervention provided by CHH and other medical providers was an intervening and possibly superseding cause of death in this matter, and as such, complete relief cannot be granted among the existing parties. However, Plaintiff has settled any claims she may have against CHH and the Marshall Board. These nonparties no longer have an interest to protect in the matter. Further, West Virginia repealed its joint-and-several liability statute and replaced it with a comparative-fault system in 2015. Now under West Virginia law, each defendant is liable for compensatory damages "allocated to that defendant in direct

proportion to that defendant's percentage of fault." W. Va. Code § 55-7-13c(a). Recovery is based on "comparative fault and the liability of each person, including plaintiffs, defendants and nonparties who proximately caused the damages." *Id.* § 55-7-13a(b). All parties who contributed to the damages are considered in assessing fault, regardless of whether the person is a party to the suit. *Id.* § 55-7-13d(a)(1). Thus, while Plaintiff's settlement with CHH and the Marshall Board can be considered in the potential ultimate award of damages in this matter, Defendants would still be liable for the percentage of their fault in Mr. Dean's death. As such, complete relief is available to the parties to this litigation. *See State ex rel. March-Westin Co., Inc. v. Gaujot*, No. 21-0577 2022 WL 831523, at *5 (W. Va. Mar. 21, 2022) (discussing that "[f]ault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if a defending party gives notice no later than one hundred eighty days after service of process upon said defendant that a nonparty was wholly or partially at fault" (citing W. Va. Code § 55-7-13(d)). Further, Defendants would not be entitled to contribution from CHH or the Marshall Board. *See Arch Ins. Co. v. Berkley Nat'l Ins. Co.*, 856 F. App'x 439, 555 (4th Cir. 2021). Thus, Defendants are not at risk of incurring an inconsistent obligation.

For the same reasons, CHH and the Marshall Board are not considered indispensable parties without whom the court could not in equity and good conscious proceed.

In determining whether a party is indispensable, the Court must consider:

1) To what extent a judgment rendered in the non-party's absence will prejudice that person or those already parties

2) Whether a court can tailor relief to lesson or avoid the prejudice to the absent person or to those already parties

3) Whether a judgment without the absent person will be adequate. This factor implicates the interest of the courts and the public in complete, consistent, and efficient settlement of controversies

4) Whether dismissal for nonjoinder will leave the plaintiff without an adequate remedy

*Nat'l Union Fire Ins. Co.*, 210 F.3d at 252–53 (quotations omitted). CHH and the Marshall Board have settled their claims with Plaintiff. Because of this settlement, and because the fact that Defendants can only be held liable for their portion of fault under West Virginia law, Defendants would not be prejudiced by their absence to this litigation and an adequate remedy can be provided to Plaintiff.

Thus, the Court finds that CHH and the Marshall Board are not necessary and indispensable parties.

2. Sovereign immunity

Defendant City of Kenova had originally argued that it is entitled to sovereign immunity but has conceded this point and agreed to withdraw this argument.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED**. ECF No. 13.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 19, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE