IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OLIVIA DEAN, Administratrix of
the Estate of JAMES D. DEAN,

          Plaintiff,

v.                                      CIVIL ACTION NO.   3:21-0197

CITY OF KENOVA,
(Kenova Police Department),
OFFICER CHARLES NEWMAN,
BOB SULLIVAN, and
JOHN/JANE DOES,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Bob Sullivan's Motion to Dismiss. ECF No. 32. He asserts that Plaintiff has failed to state a cause of action for spoliation and that he is entitled to immunity. For the following reasons, the Court **DENIES** this Motion. ECF No. 32.

**BACKGROUND**

This case arises out of the death of Mr. James Dean. Plaintiff is the Administratrix of his estate. Mr. Dean was arrested on or about April 5, 2019, by the Kenova Police Department because of a disturbance at his residence. Plaintiff alleges that, after his arrest, Mr. Dean was knocked to the ground and struck multiple times on the head. According to the Medical Examiner's report, he suffered a number of injuries, including: an 8-inch skull fracture, multiple subdural and subarachnoid hemorrhages, diffuse hemorrhages on the right and left hemispheres, cerebellum and

base of the brain, as well as multiple areas of contusions on the frontal, temporal, parietal, and occipital lobes. This, Plaintiff argues, is inconsistent with the police officers' reports of the incident.

Plaintiff brings several claims against Defendants, including: violations of the Fourth Amendment against Defendant Newman, Reckless/Malicious Conduct against Defendant Newman, violations of the Fourth Amendment against Defendants Does, violation of 42 U.S.C. § 1983 for Deliberate Indifference against Defendant City of Kenova, Spoliation/Fraud against Defendant Sullivan, and Negligence against Defendants City of Kenova for the actions of Defendant Newman and Defendant Sullivan. *Am. Compl.*, ECF No. 12.

Specifically, Plaintiff's Amended Complaint alleges that Defendant Sullivan intentionally maliciously, and fraudulently withheld and spoliated video evidence. ECF No. 12, ¶ 26.

## STANDARD OF REVIEW

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted). If the allegations in the complaint, assuming their

truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of

truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

## DISCUSSION

Defendant Sullivan raises two arguments as to why Plaintiff's claims against him for spoliation and negligence should be dismissed. The Court will address each of them.

1. <u>Spoliation</u>

Defendant Sullivan asserts that the federal law of spoliation applies to this matter, and that because there is no federal independent cause of action for spoliation, Plaintiff has failed to state a claim. However, intentional spoliation is a cognizable tort under West Virginia state law. *See Hannah v. Heeter*, 584 S.E.2d 560 (W. Va. 2003); *Williams v. Werner Enters., Inc.*, 770 S.E.2d 532, 538 (W. Va. 2015). Intentional spoliation of evidence is defined as the intentional destruction, mutilation, or significant alteration of potential evidence for the purpose of defeating another person's recovery in a civil action. Syl. Pt. 10, *Heeter*, 584 S.E.2d 560. There are seven elements that must be met to prove this claim:

1) A pending/potential civil action
2) Knowledge of the spoliator of the pending/potential civil action
3) Willful destruction of evidence
4) That the spoliated evidence was vital to a party's ability to prevail in the pending/potential civil action
5) The intent of the spoliator to defeat a party's ability to prevail in the pending/potential civil action
6) The party's inability to prevail in the action
7) Damages

*Id.* at 713–14. When a plaintiff establishes the first five elements, a rebuttable presumption arises that, "but for the fact of the spoliation of evidence, the party injured by the spoliation would have prevailed in the pending or potential litigation." *Id.* at 714. The defendant must overcome this rebuttable presumption. *Id.*

Here, Plaintiff's Amended Complaint alleges that Defendant Sullivan intentionally maliciously, and fraudulently withheld and spoliated video evidence. ECF No. 12, ¶ 26. Plaintiff asserts that she submitted a FOIA request regarding the incident that is the subject of the Amended Complaint, and that Defendant Sullivan responded that there was no recoverable video surveillance or body camera video of the incident. *Id.* However, Plaintiff's counsel was informed that such footage existed and was on Defendant Sullivan's phone. *Id.* Plaintiff alleges that Defendant Sullivan was aware of a potential lawsuit, that he had a duty to preserve the evidence, and that such evidence was vital to Plaintiff's case. *Id.* Such video has not yet been produced, despite representations that it would be made available. *Id.* Further, Plaintiff alleges that Defendant Sullivan acted fraudulently by responding to the FOIA request asserting that no video existed, despite knowing that it did exist on his phone. *Id.* Assuming these allegations to be true, Plaintiff has alleged sufficient circumstantial facts that could create a reasonable inference that the video evidence has been spoliated. At this stage, the Court will allow this claim to continue.

2. <u>Sovereign Immunity</u>

Defendant Sullivan asserts that he is entitled to sovereign immunity and thus the Amended Complaint against him should be dismissed. It appears Defendant Sullivan misunderstands the nature of the claim against him. While he discusses how the claim against him involves the Fourth Amendment, the claim Plaintiff raises against him is for intentional spoliation under West Virginia common and statutory law. Plaintiff concedes that Defendant Sullivan has immunity for negligent acts pursuant to W. Va. Code § 29-12A-1 *et seq*. But Plaintiff's claim against Defendant Sullivan is for intentional spoliation, and thus, immunity for his intentional conduct is governed by W. Va. Code § 29-12A-5(b)(2), which holds that an employee of a political subdivision is immune from liability unless his acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner. W. Va. Code § 29-12A-5(b)(2). Plaintiff's complaint alleges that Defendant Sullivan maliciously and fraudulently spoliated video evidence; therefore, his alleged conduct makes him ineligible for immunity.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** this Motion. ECF No. 32.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:   April 19, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE