IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**OLIVIA DEAN, ADMINITRATRIX OF**
**THE ESTATE OF JAMES D. DEAN,**

      **Plaintiff,**

v.                                                         Case No.:  3:21-cv-00197

**CITY OF KENOVA, et al.,**

      **Defendants.**

## MEMORANDUM OPINION and ORDER

Pending is Defendant City of Kenova's Motion to Compel and Integrated Memorandum of Law in Support Thereof. (ECF No. 91). Plaintiff has filed a response in opposition to the Motion, (ECF No. 96), and the City of Kenova has replied. (ECF No. 98). Therefore, the issues are fully briefed. For the following reasons, the Court **GRANTS**, in part, and **DENIES**, in part, the Motion to Compel.

This case involves the death of James D. Dean after his arrest by a City of Kenova police officer on April 5, 2019. Mr. Dean suffered a head injury while walking from a police cruiser into the police station and was taken to Cabell Huntington Hospital where he died seventeen days later. Plaintiff claims that Mr. Dean's death was the result of excessive and inappropriate force used by the police officer against Mr. Dean. Defendants admit that force was used, but claim that it was appropriate given Mr. Dean's aggressive and threatening behavior toward the officer. Defendants also contest the cause of Mr. Dean's death.

1

The parties dispute answers provided by Plaintiff to discovery requests posed by the City of Kenova. Specifically, the City of Kenova argues that Plaintiff has failed to provide full and complete responses to Requests for Admission Nos. 1, 2, 3, 4, 8, 12, 24, and 28 and Request for Production of Documents No. 10. These discovery requests are addressed below.

1. Requests for Admission Nos. 1, 2, 3, and 12: These requests ask Plaintiff to admit that James D. Dean had a history of substance abuse, physical aggression, verbal aggression, and displayed physically aggressive behavior on the day of his arrest. Plaintiff objected to the requests on the grounds that the terms "substance abuse," "aggression," and "physically aggressive behavior" were undefined, making the requests vague and ambiguous. Plaintiff also contended that the lack of time frames and other details left her without sufficient information to respond. These objections are without merit. When responding to a request for admission, Plaintiff "should exercise reason and common sense to attribute an ordinary definition" to a term or phrase. *Deakins v. Pack,* No. 1:10-1396, 2012 WL 242859, *29 (S.D.W. Va. Jan. 25, 2012) (citing *McCoo v. Denny's, Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000)). "Substance abuse," "aggression," and "physically aggressive behavior" are all common words and phrases used in the English language and do not require any special training or education to understand. Moreover, Plaintiff's claim that the lack of time frames and targets of aggression make the requests more difficult for her to answer is nonsensical. To the contrary, the fact that the defendant is not asking for specific details makes the requests easier to answer. As these requests are simple and straightforward, the motion to compel is **GRANTED**. Plaintiff shall provide full and complete responses to these requests within **ten days** of the date of this Order.

2. Request for Admission No. 4: This request asks Plaintiff to admit that James D. Dean's criminal record includes charges for domestic violence and/or assault. Plaintiff denied the request "as written" indicating that Mr. Dean's records "speak for themselves." Plaintiff also objected on the grounds of relevance and admissibility. The defendant argues that these objections should be overruled, indicating that records do not "speak for themselves" and such an objection is "textbook folklore." (ECF No. 91 at 4). Defendant adds that Plaintiff should be compelled to fully answer the request because she "clearly" has knowledge of Mr. Dean's criminal record. (ECF No. 98 at 11).

Unfortunately, neither party provides the Court with a decent argument regarding this request for admission. As stated, the defendant contends that Plaintiff is familiar with Mr. Dean's criminal history. In support of that contention, Defendant attaches a police statement taken from Plaintiff dated April 5, 2019, which does not establish anything other than that Plaintiff knew what happened to her on that particular day. It does not convey a general familiarity with Mr. Dean's criminal history. Neither party states whether Mr. Dean's criminal record has been produced in the case; neither party indicates whether Plaintiff has been asked in deposition about her knowledge of Mr. Dean's criminal history; neither addresses the issues of admissibility or relevance. Defendant is correct that saying a record "speaks for itself" is not a sufficient discovery response. *See Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522, 531-32 (S.D.W. Va. 2007). On the other hand, Plaintiff is correct that asking her to guess about whether Mr. Dean's criminal record includes a charge of domestic violence and/or assault, without providing a record or any context, is questionable; particularly, given the purpose of requests for admission. Accordingly, the motion to compel this request for admission is **GRANTED**, in part, and **DENIED**, in part. Plaintiff is **ORDERED** within

3

**ten days** of the date of this Order to answer the request. If she knows that Mr. Dean has been so charged, she should admit the request. If she knows that he has not been so charged, she should deny the request. If after conducting a reasonable inquiry, she does not know one way or the other, she should advise the defendant that the information she has or can readily obtain is insufficient to allow her to admit or deny the request. If Plaintiff has a relevancy objection, then she must provide a detailed argument. The argument should be tailored to relevancy in the context of discovery. Admissibility is not a basis to object to providing an answer.

      3. Request for Admission No. 8: Defendant asks Plaintiff to admit that James D. Dean "was suffering from bipolar disorder at the time of the alleged incident." Plaintiff stated that she could neither admit nor deny this request due to the medical nature of the disorder. Defendant argues that Plaintiff should be compelled to respond to this request, because there are medical records in the case file showing that Mr. Dean had a history of bipolar disorder. In addition, Defendant points out that Plaintiff responded to interrogatories and stated that she believed Mr. Dean suffered from bipolar disorder since the early 2000s.

      Had Defendant's request asked Plaintiff to admit that Mr. Dean had a *history* of suffering from bipolar disease, then her answer would not have been acceptable. However, the defendant asked Plaintiff to admit that Mr. Dean was "suffering" from bipolar disease "at the time of" the alleged incident. That request is confusing for someone without psychological training. How bipolar disease affects the mind; whether it goes into remission; whether it can be cured or is always present; how it manifests; and what it means to "suffer" from bipolar disorder are all questions beyond the expertise of non-medical individuals. Whether the question implies a scenario that Mr. Dean was

exhibiting symptoms of bipolar disorder on that date of his arrest, or simply carried a diagnosis of the condition at that time, is also ambiguous. Accordingly, Defendant's motion to compel is **DENIED** as to this request for admission.

4. Request for Admission No. 24: In this request, Plaintiff is asked to admit that she alleged that the actions or inactions of the medical providers who attended to Mr. Dean's head injury proximately caused his death. Plaintiff denied the request "as written" and then proceeded to provide a legal argument regarding causation. Defendant argues that Plaintiff should be compelled to answer this request without the qualifiers, because it is a fact that she sued Cabell Huntington Hospital and other medical providers on behalf of Mr. Dean's estate claiming that they committed medical malpractice which caused his death. In response, Plaintiff quibbles with the phraseology of the request for admission. The undersigned agrees with Defendant. Defendant is not required to quote from Plaintiff's complaint in order to obtain a truthful and complete answer from Plaintiff. Indeed, according to the complaint supplied by Plaintiff, she did allege that the medical negligence of the health care providers was a direct and proximate cause of Mr. Dean's death. Therefore, the motion to compel an answer to this request is **GRANTED**, and Plaintiff is **ORDERED** to provide a complete response within **ten days** of the date of this Order.

5. Request for Admission No. 28: Plaintiff is asked to admit that she withdrew funds from James D. Dean's bank accounts for her own use during the eighteen months before his arrest. Plaintiff denied the request based upon a qualifier that she added of her own accord. Such an answer is entirely improper. In her opposition memorandum, Plaintiff attempts to argue objections that she never raised in response to the request for admission. That also is not appropriate. The request is simple and direct. It requires no

qualifiers. Therefore, the motion to compel a complete answer to this request is **GRANTED**. Plaintiff is **ORDERED** to provide such an answer to the request—as it is written—within **ten days** of the date of this Order.

6. Request for Production of Documents No. 10: In West Virginia, a plaintiff is required by statute to produce a screening certificate of merit in order to pursue a medical professional liability action. *See* W. Va. Code § 55-7B-6(b). Consequently, when Plaintiff sued the health care providers on behalf of the estate of Mr. Dean, she submitted such a screening certificate. The defendant requested a copy of the certificate, which Plaintiff refused to provide on the grounds that it was protected from discovery by the attorney-client privilege and or attorney/work product doctrine and by statutory confidentiality, citing W. V. Code § 55-7B-6(j).

Defendant argues that the Court should compel Plaintiff to produce the screening certificate of merit because it is relevant and discoverable. Defendant does not address the statutory confidentiality claimed by Plaintiff, but contends that it is fundamentally unfair to prohibit it from reviewing a document that applies to the negligence of unnamed parties that may be apportioned fault in this case. Defendant acknowledges that it may not be able to admit the screening certificate as evidence in a court proceeding, but asserts that inadmissibility does not prevent it from obtaining a copy of the certificate in discovery.

Plaintiff relies entirely upon the West Virginia statute for her claim that the screening certificate of merit is entitled to special protection from disclosure in discovery. Subsection (j) of the statute states:

> Notwithstanding any other provision of this code, a notice of claim, a health care provider's response to any notice claim, a screening certificate of merit, and the results of any mediation conducted pursuant to the provisions of

> this section are confidential and are not admissible as evidence in any court proceeding unless the court, upon hearing, determines that failure to disclose the contents would cause a miscarriage of justice.

W. Va. Code Ann. § 55-7B-6. Clearly, the statute does not intend for the screening certificate to constitute attorney/client communications or traditional attorney-work product, because the certificate is designed to be shared with the health care provider against whom the professional liability claim is asserted. As such, its disclosure to an adverse party is presumed at its inception. Consequently, the typical analysis that would accompany a motion to compel documents withheld under Fed. R. Civ. P. 26(b)(5) does not apply to a screening certificate of merit. Furthermore, the statute is silent about whether the confidentiality of the screening certificate shields it from disclosure in the context of discovery; instead, the statute only provides that the screening certificate may not be admitted into evidence unless a court determines that the failure to disclose its contents would cause a miscarriage of justice. Although cases addressing the matter are quite sparse, a screening certificate of merit has been admitted into evidence on at least one occasion in this Court. *See Sumpter v. United States,* No. 5:16-cv-08951, 2019 WL 4491517, at *6 (S.D.W. Va. Sept. 18, 2019).

As the West Virginia statute provides no further guidance, the Court must examine the federal discovery rules to determine if the screening certificate should be produced in discovery. Federal Rule of Civil Procedure 26(b) states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). Undoubtedly, the negligence of the health care providers and their role in causing the death of Mr. Dean, if any, are relevant to the defenses of the defendants. The screening certificate of merit, as stated, is not a privileged document and, as such, is discoverable. The undersigned is unaware of any protective order prohibiting its production in this case. The certificate is not burdensome to provide and is certainly proportional to the needs of the case. Ultimately, the Court may determine that the certificate is not admissible into evidence, but that does not prevent it from being produced in discovery. *See, e.g., Binder v. Dewar Nurseries, Inc.*, No. 2:20-cv-01735-DCN, 2022 WL 2276221, at *9 (D.S.C. Jun. 23, 2022) (holding that it is "well-established that, '[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable.'") (quoting Fed. R. Civ. P. 26(b)(1)). Therefore, the motion to compel production of the screening certificate of merit is granted. Plaintiff is **ORDERED** to provide the defendants with a copy of the certificate within **ten days** of the date of this Order.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** November 2, 2022

Cheryl A. Eifert
United States Magistrate Judge

8